MARIA SAUCEDO V. STATE.

No. 24245. February 2, 1949.

G. C. Jackson, Crystal City, for appellant.

Ernest S. Goens, State's Attorney, Austin, for the state.

KRUEGER, Judge.

Appellant was convicted of vagrancy, and her punishment was assessed at a fine of twenty-five dollars.

The record is before us without any bills of exceptions or a statement of facts. Her only complaint is that the court erred in overruling her motion to quash the complaint and information. She based her motion to quash on the following grounds: (a) Because the averments therein are too vague, indefinite, and uncertain, in this, that they do not charge any specific occurrence and do not inform her of what proof she would be required to meet on her trial. (b) That they fail to charge a violation of the statute, in this, that they fail to charge that she was a common prostitute.

The information which is substantially in the language of the complaint, omitting the formal parts thereof, reads as follows: "that heretofore, to-wit: On or about the 28th day of August 1948, in the said County of Zavala and State of Texas, one Maria Saucedo was a vagrant, to-wit, the said Maria Saucedo was then and there a person who engaged in prostitution; against the peace and dignity of the State."

Sec. 16, Art. 607, Vernon's Ann. P. C., states what constitutes vagrancy, among them the following: "All persons who engage in prostitution, lewdness, or assignation." Art. 607 was amended by the 48th Legislature by adding thereto Sections 15 through 21. The amendment omitted the adjective "common," so that it is no longer necessary to charge in a complaint and information that the accused is a common prostitute, but to charge that she is a prostitute is sufficient.

Sec. 20, Art. 607, Vernon's Ann. P. C., defines prostitution as follows: "The term 'prostitution' as used in this Act shall be construed to include the giving or receiving of the body for sexual intercourse for hire, and shall also be construed to include the giving or receiving of the body for indiscriminate sexual intercourse without hire."

Since the statute defines the term prostitution, a more specific allegation in a complaint and information is not necessary. See also Tex. Jurs. Vol. 33, page 945.

Having reached the conclusion that the complaint and information are sufficient to charge the offense of vagrancy, the judgment of the trial court is affirmed.

Opinion approved by the Court.